UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                     :
VICTOR LOPEZ, *on behalf of himself and all*   :
*other persons similarly situated*,                   :
                                                     :
                            Plaintiff,  :          19-CV-10074 (VSB)
                                                     :
             - against -                :           **OPINION & ORDER**
                                                     :
ARBY'S FRANCHISOR, LLC,                  :
                                                     :
                                       Defendant.  :
                                                     :
-------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/8/2021

Appearances:

Bradley G. Marks
The Marks Law Firm, PC
New York, NY

Jeffrey M. Gottlieb
Dana L. Gottlieb
Gottlieb & Associates
New York, NY

*Counsel for Plaintiff*

Michael F. Fleming
Morgan, Lewis & Bockius LLP
New York, NY

Anne Marie Estevez
Morgan, Lewis & Bockius LLP
Miami, FL

*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

       Plaintiff Victor Lopez ("Plaintiff"), on behalf of himself and all others similarly situated,

brings this action against Arby's Franchisor, LLC ("Defendant" or "Arby's"), asserting

violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* Plaintiff seeks compensatory damages, attorney's fees, and a permanent injunction requiring Defendant to ensure that its "gift cards are readily accessible to and usable by blind individuals." (Am. Compl. ¶ 106(b).)[1]  Before me is Defendant's motion to dismiss Plaintiff's amended complaint. (Doc. 18.)  For the reasons below, Defendant's motion to dismiss Plaintiff's amended complaint is GRANTED WITH PREJUDICE.

## I. Factual Background

This case is one in a numerous of lawsuits—in this District and elsewhere—brought by the same attorneys and a handful of visually impaired plaintiffs against restaurants, retailers, and other stores for failure to provide gift cards with Braille or other auxiliary aids.  Most, if not all, of the lawsuits filed in this District have thus far all been dismissed—whether for lack of standing, *see, e.g.*, *Dominguez v. Pizza Hut of Am.*, No. 19-cv-10175 (MKV), 2020 WL 3639977 (S.D.N.Y. July 6, 2020); on the merits of the claims, *see, e.g.*, *Thorne v. Bos. Market Corp.*, 469 F. Supp. 3d 130 (S.D.N.Y. 2020); or both, *see, e.g.*, *Dominguez v. Banana Republic, LLC*, No. 19-cv-10171-GHW, 2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020).  Some of these cases are currently pending before the Second Circuit on a consolidated appeal, argument in which was held on January 13, 2021.

The facts in these cases[2]—as well as the legal claims—are similar to the ones alleged in

---

[1] Plaintiff's First Amended Complaint is at Doc. 14.  This order will refer to Doc. 14 as "Am. Compl." throughout.

[2] The facts set forth herein are taken from allegations in the First Amended Complaint. (Doc. 14.)  I assume Plaintiff's allegations in the First Amended Complaint to be true for purposes of the motion.  *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  However, my reference to these allegations should be not construed as a finding as to their veracity, and I make no such findings.

the lawsuits pending before the Second Circuit. Plaintiff is a blind resident of New York City, who lives less than two blocks away from one of Defendant's restaurants in Manhattan. (Am. Compl. ¶¶ 24–25.) Defendant is registered to do business in New York, and owns and operates restaurants across the United States, including several in New York City. (*Id.* ¶¶ 26–27.) Plaintiff has patronized Defendant's restaurants previously. (*Id.* ¶ 21.) Defendant, like many retailers and restaurants, sells "pre-paid cash cards, colloquially referred as 'store gift cards,'" that can be used at its locations instead of cash or other forms of payment. (*Id.* ¶¶ 4, 29–30.) Gift cards are typically the same size and texture as credit cards, debit cards, insurance cards, and identification cards. (*Id.* ¶ 35.)

On October 24, 2019, Plaintiff called Defendant's customer service office and asked whether Defendant sold gift cards containing Braille, an auxiliary aid for blind and visually impaired people. (*Id.* ¶ 16.) Defendant's employee said that Defendant did not sell gift cards containing Braille, and the employee "did not offer any alternative auxiliary aids or services to the Plaintiff with respect to Defendant's gift cards." (*Id.* ¶¶ 16–17.) Absent Braille or another auxiliary aid for Defendant's gift cards, Plaintiff cannot determine their balance, terms and conditions, and/or other information about the card. (*Id.* ¶ 20.) Because of this, Plaintiff alleges, he cannot fully enjoy the services Defendant offers at its restaurants, and Plaintiff has been deterred from buying and using Defendant's gift cards and from visiting Defendant's stores more generally. (*Id.* ¶¶ 42–44.) Plaintiff "intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards" that contain Braille or another auxiliary aid. (*Id.* ¶¶ 21, 45.)

### II.   Procedural History

On October 30, 2019, Plaintiff filed suit against Defendant in this Court. (Doc. 1.) On

3

January 27, 2020, Defendant moved to dismiss Plaintiff's complaint. (Docs. 10–11.) Defendant's memorandum of law raised nearly identical arguments to the arguments Defendant made in the instant motion to dismiss Plaintiff's amended complaint. On February 11, 2020, Plaintiff filed his First Amended Complaint. (Doc. 14.) Plaintiff alleges that Defendant's failure to offer Braille or other auxiliary aids for its gift cards violates Title III of the ADA, the NYSHRL, and the NYCHRL. (*Id.*) Plaintiff seeks a permanent injunction requiring Defendant to produce and offer gift cards with Braille or another auxiliary aid, compensatory damages, and attorneys' fees. (*Id.*) Plaintiff also seeks to certify the following class under Federal Rule of Civil Procedure 23(a) and (b)(2): "all legally blind individuals in the State of New York who would like to purchase accessible store gift cards from the Defendant and as a result have been denied access to the equal enjoyment of goods and services offered in Defendant's physical locations, during the relevant statutory period." (*Id.*)

On March 10, 2020, Defendant moved to dismiss Plaintiff's First Amended Complaint, with an accompanying memorandum of law and two appendices. (Docs. 18–19.) Plaintiff filed its opposition to Defendant's motion on March 25, 2020, along with five exhibits. (Doc. 20.) This motion became fully briefed on April 1, 2020, when Defendant filed its reply memorandum of law in support of its motion to dismiss. (Doc. 21.)

On April 29, 2020, Defendant filed a Notice of Supplemental Authority, referencing an opinion and order granting a motion to dismiss in one of the prior cases filed by Plaintiff's counsel. (Doc. 22.) Later that day, Plaintiff filed a response to Defendant's notice, urging me to award that decision "little weight, if any." (Doc. 23.)

4

### III.     Legal Standards

#### A.  *Standing*

Article III of the Constitution circumscribes a court's authority to hear cases, limiting the jurisdiction of federal courts to "cases" or "controversies."  U.S. Const. art. III, § 2.  To meet the minimum constitutional threshold, a plaintiff must establish "first, that it has sustained an 'injury in fact' . . . ; second, that the injury was in some sense caused by the opponent's action or omission; and finally, that a favorable resolution of the case is 'likely' to redress the injury."  *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Injury-in-fact is the "first and foremost" of the three standing elements.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (internal quotation marks omitted).  To establish this element, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560).  To be "particularized," an injury "must affect the plaintiff in a personal and individual way."  *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1.)  To be "concrete," an injury "must actually exist."  *Id.*  However, "concrete" is "not . . . necessarily synonymous with 'tangible,'" and intangible harms may, in some circumstances, satisfy the concreteness requirement.  *Id.* at 1549.

#### B.  *Failure to State a Claim*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable."  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor.  *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Id*.  A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

**IV.   Discussion**

    **A.   *Standing***

A plaintiff satisfies standing requirements to bring suit under Title III of the ADA only "where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' restaurants to plaintiff's home, that plaintiff intended to return to the subject location."  *Kriesler v. Second Ave. Diner*

6

*Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013). The third factor, a reasonable inference of the plaintiff's "intent to return," is directly connected to the standing requirement that the "threatened injury must be *certainly impending* to constitute injury in fact, and that allegations of *possible* future injury are not sufficient." *Am. Civil Liberties Union v. Clapper*, 785 F.3d 787, 800 (2d Cir. 2015) (internal quotation marks omitted). In order to obtain injunctive relief, "a plaintiff cannot rely on a past injury alone," *Buonasera v. Honest Co.*, 208 F. Supp. 3d 555, 564 (S.D.N.Y. 2016), but must "demonstrate that she is likely to be harmed again in the future in a similar way," *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2015).

The "intent to return" analysis is a "highly fact-sensitive inquiry." *Bernstein v. City of New York*, 621 F. App'x 56, 59 (2d Cir. 2015). To establish this factor, "[t]he plaintiff must allege specific facts that show a plausible intention or desire to return to the place but for the barriers to access." *Dominguez v. Grand Lux Cafe LLC*, No. 19-cv-10345 (MKV), 2020 WL 3440788, at *3 (S.D.N.Y. June 22, 2020) (internal quotation marks omitted). "Merely asserting an intent to return to the place of injury some day, when the alleged barriers have been rectified, is insufficient." *Dominguez v. Pizza Hut of Am., LLC*, No. 19-cv-10175 (MKV), 2020 WL 3639977, at *2 (S.D.N.Y. July 6, 2020) (internal quotation marks omitted). In particular, courts "need not 'credit a complaint's conclusory statements without reference to its factual context.'" *Amidax Trading Grp. v. S.W.I.F.T. SCR*, 671 F.3d 140, 146 (2d Cir. 2011) (quoting *Iqbal*, 566 U.S. at 686).

Here, Plaintiff's amended complaint does not offer sufficient "non-conclusory factual allegations" to establish an intent to return. *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 156 (2d Cir. 2012). The amended complaint alleges only that Plaintiff lives near one of Defendant's restaurants, that he "has been a customer at Defendant's

7

stores on prior occasions," and that he "intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind." (Am. Compl. ¶¶ 21, 25.)  These are precisely the sort of "generic, conclusory statements" that fail to satisfy the burden for standing, *Banana Republic, LLC*, 2020 WL 1950496, at *4; such statements are mere "threadbare recitals of the elements of a cause of action" without providing any factual detail, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (internal citation omitted); *see also Hurley v. Tozzer, LTD.*, No. 15 Civ. 2785 (GBD)(HBP), 2018 WL 1872194, at *6 (S.D.N.Y. Feb. 2, 2018) ("Plaintiff has not submitted any evidence demonstrating an intent to return to Niagara besides his general and conclusory statements in the complaint.").  Plaintiff does not provide any allegations related to, for example, a) how often he walks by one of Defendant's restaurants, b) the last time he purchased something at one of Defendant's restaurants, c) how often Plaintiff goes to Defendant's restaurants, or d) why he wishes to buy a gift card from Defendant rather than using cash or a credit card.  The Second Circuit and other courts have failed to find a sufficient intent to return even in cases where plaintiffs had pled far more specific allegations than what Plaintiff has done here.  *See, e.g.*, *Bernstein*, 621 F. App'x at 58 (failing to find intent to return to Central Park even where plaintiff alleged that "he has visited New York approximately 30 times per year, for over 10 years, and that he has made hundreds of visits to Central Park") (internal quotation marks omitted); *Small v. Gen. Nutrition Cos., Inc.*, 388 F. Supp. 2d 83, 87–90 (E.D.N.Y. 2005) (failing to find intent to return to defendant GNC's drug and pharmacy stores where plaintiff alleged that he regularly purchased vitamins and supplements from defendant's stores, "regularly travels in the immediate vicinity of several of the GNC stores in New York City," and "will continue to purchase products from various GNC stores along his usual routes of travel.") (internal quotation marks

omitted).

"There is nothing inherently wrong with filing duplicative lawsuits against multiple defendants if the harms to be remedied do exist and are indeed identical. But those who live by the photocopier shall die by the photocopier." *Mendez v. Apple Inc.*, No. 18 Civ. 7550 (LAP), 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019). Plaintiff's boilerplate, cut-and-paste, fill-in-the-blanks Amended Complaint does not provide enough specificity to satisfy the requirements for standing under the ADA.

As Plaintiff himself acknowledges, (Doc. 20, at 23–24), "[i]n general, disability discrimination claims under the NYSHRL rise or fall in tandem with disability discrimination claims brought pursuant to the federal ADA," *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 398 (E.D.N.Y. 2017); *see also Apple Inc.*, 2019 WL 2611168, at *4 ("Plaintiff's [NYSHRL and NYCHRL] claims are governed by the same standing requirements as the ADA"). As such, Plaintiff also lacks standing under his state and city claims.

That said, some judges in this District have found that the plaintiffs who have brought these near-identical complaints have satisfied their standing requirements. Therefore, in the interest of efficiency, I will also address the merits of Plaintiff's claims.

## B.  *ADA*

Title III of the ADA prohibits discrimination against individuals "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. . . ." 42 U.S.C. § 12182(a). A Title III claim requires that a plaintiff establish that "(1) he or she is disabled within the meaning of the ADA; (2) that the defendant[] own[s], lease[s], or operate[s] a place of public accommodation; and (3) that the defendant[] discriminated against the plaintiff within the

9


meaning of the ADA." *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2d Cir. 2008).

Plaintiff's ADA claim "can be reduced to one relatively straightforward question: does Title III of the ADA obligate retailers to provide legally blind consumers with Braille-embossed (or otherwise accessible) gift cards?" *Banana Republic, LLC*, 2020 WL 1950496, at *5. Plaintiff asserts three arguments in an effort to respond to this question in the affirmative. Each argument fails; therefore, Plaintiff's ADA claim must be dismissed and Defendant's motion granted.

### 1. Gift Cards are Not Places of Public Accommodation

As noted *supra*, Title III prohibits discrimination by any place of public accommodation. *See* 42 U.S.C. § 12182(a). Plaintiff argues that gift cards should properly be determined to be places of public accommodation "in and of themselves," (Doc. 20, at 19), and therefore that failure to provide gift cards in Braille means that visually impaired individuals are prevented from "full and equal enjoyment" of a public accommodation in violation of Title III, *see* § 12182(a).

Title 42 United States Code § 12181(7) lists twelve categories of "private entities [that] are considered public accommodations" under the statute. Each category provides a number of examples of locations that are representative of the more general, catch-all category. *See, e.g.*, *id.* § 12181(7)(H) ("a museum, library, gallery, or other place of public display or collection"); § 12181(7)(I) ("a park, zoo, amusement park, or other place of recreation"). These categories are intended to be an "exhaustive list" such that "a facility [cannot] be considered a place of public accommodation if it does not fall under one of these 12 categories," although the examples provided in each category are not intended to be exhaustive. *See* U.S. Dep't of Justice, *ADA Title III Technical Assistance Manual: Covering Public Accommodations and Commercial*

*Facilities*, III-1.2000 Public Accommodations, https://www.ada.gov/taman3.html (last visited Mar. 4, 2021). Gift cards are not listed either as a category or an example under the statute. *See* § 12181(7).

Even though the examples listed in the statute do not constitute a complete list, there is no reason to believe that gift cards should be included. "Under the interpretive maxim of *noscitur a sociis*, 'a word is known by the company it keeps.'" *United States v. Thompson*, 961 F.3d 545, 550–51 (2d Cir. 2020) (quoting *Yates v. United States*, 574 U.S. 528, 543 (2015)). Similarly, under the statutory canon of *ejusdem generis*, "[w]here general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." *Wojchowski v. Daines*, 498 F.3d 99, 108 n.8 (2d Cir. 2007) (alteration in original) (internal quotation marks omitted). Considering each of these maxims, every single example listed among the twelve categories in § 12181(7) is a place or establishment, where a gift card is merely a small, personal object. Put simply, "[n]othing on the list even remotely resembles a gift card." *Murphy v. Little Caesar Enters., Inc.*, 19 Civ. 10329 (LGS), 2020 WL 3318279, at *2 (S.D.N.Y. June 18, 2020). If I were to decide otherwise, I would be adopting an "unbounded reading" of the statute that would render the specific examples provided "misleading surplusage," *Yates*, 574 U.S. at 546, a result the Second Circuit "disfavor[s]," *Int'l Multifoods Corp. v. Commercial Union Ins. Co.*, 309 F.3d 76, 86 (2d Cir. 2002), and which I refuse to do.

Plaintiff does not meaningfully contest any of this analysis, and does not even discuss § 12181(7) in its briefing, save for a stray citation without any material or relevant analysis. *See* (Doc. 20, at 18 n.45.) Instead, Plaintiff argues that gift cards are "[l]ike websites" such that they should be considered places of public accommodation. (*Id.* at 19.) Such an analogy is

11

inapposite. Courts in this District "have held that websites qualify as places of public accommodation under the ADA." *Thorne v. Formula 1 Motorsports, Inc.*, 19-CV-1077 (JPO), 2019 WL 6916098, at *2 (S.D.N.Y. Dec. 19, 2019); *see also Del-Orden v. Bonobos, Inc.*, No. 17 Civ. 2744 (PAE), 2017 WL 6547902, at *5 (S.D.N.Y. Dec. 20, 2017). Plaintiff's effort to equate gift cards to websites misses the mark because courts that have interpreted websites as covered under Title III have done so because, in today's world, a company's website is essentially a stand-in for its brick-and-mortar business establishments. *See generally Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 397–98 (E.D.N.Y. 2017); *Markett v. Five Guys Enterprises LLC*, No. 17-CV-788 (KBF), 2017 WL 5054568, at *2 (S.D.N.Y. July 21, 2017). The same cannot be said about gift cards, which are not a marketplace—physical, virtual, or otherwise. *See Dominguez v. Taco Bell Corp.*, 19 Civ. 10172 (LGS), 2020 WL 3263258, at *5 (S.D.N.Y. June 17, 2020) ("Unlike commercial websites, Defendant's gift cards are not places where [Defendant] provides its goods to customers."). Rather, gift cards are goods—as discussed below—sold by Defendant that enable customers to purchase other goods. As such, I must reject Plaintiff's argument that gift cards are places of public accommodation under the ADA.

### 2. Gift Cards are Goods

Plaintiff argues that even if gift cards are not places of accommodation themselves, Defendant is still violating the ADA by failing to sell accessible gift cards. However, the law is clear that if gift cards constitute "goods" under the ADA, then Defendant is not required to provide Braille or otherwise accessible gift cards. *See* 28 C.F.R. § 36.307(a) (Title III of the ADA "does not require a public accommodation to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities"); 28 C.F.R.,

pt. 36, App'x C ("The purpose of the ADA's public accommodations requirements is to ensure accessibility to the goods offered by a public accommodation, not to alter the nature or mix of goods that the public accommodation has typically provided."); *Funches v. Barra*, No. 14 Civ. 7382 (KPF), 2016 WL 2939165, at *4 (S.D.N.Y. May 17, 2016); *Ariz. ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 671 (9th Cir. 2010) ("Th[e] [ADA] does not require provision of different goods or services, just nondiscriminatory enjoyment of those that are provided.") (internal quotation marks omitted). The statute's implementing regulations envision a scenario that is essentially analogous to the one presented here, determining that although a bookstore "must make its facilities and sales operations accessible to individuals with disabilities, [it] is not required to stock Brailled or large print books." 28 C.F.R., pt. 36, App'x C.

Plaintiff argues—as he must—that "[g]ift cards are not goods." (Doc. 20, at 14.) Instead, Plaintiff argues that "gift cards are an optional financial service providing an alternative method of payment," or a "cash like service." (*Id.* at 12, 14–15.) The ADA does not define "goods." The most appropriate dictionary definition defines "goods" as "something manufactured or produced for sale." *Good*, Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/good (last visited Mar. 4, 2021); *see also Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 31 (2003) ("the dictionary definition of 'goods' (as relevant here) is '[w]ares; merchandise'"). According to the plain meaning, then, gift cards are goods—they are manufactured items that Defendant "has sold" and "presently sells" to customers and the general public in the same manner as it sells its other products. (Am. Compl. ¶ 15). As Judge Gregory Woods rightly determined, Plaintiff's "analogy to cash falls apart under even modest scrutiny." *Banana Republic, LLC*, 2020 WL 1950496, at *11 n.8. In *American*

13

*Council of the Blind v. Paulson*, a case on which Plaintiff relies, (Doc. 20, at 19–20), the D.C. Circuit determined that currency "has constitutional underpinnings" and "is intended to be the universal medium or common standard, by a comparison with which the value of all merchandise may be ascertained."  525 F. 3d 1256, 1268 (D.C. Cir. 2008) (internal quotation marks omitted).  Defendant's gift cards are almost the opposite of a "universal medium," given that they "are accepted only at a specified merchant or affiliated merchants."  (Am. Compl. ¶ 29 & n.4.)  In other words, they are not universally accepted but must be purchased for a fee and can be used only at Defendant's establishments.

Therefore, I conclude that Defendant's gift cards are goods, and as such Defendant need not stock accessible gift cards.

### 3. Failure to Offer Gift Cards in Braille is Not a Failure to Provide Auxiliary Aids

The ADA states, in relevant part, that a place of public accommodation unlawfully discriminates where there is:

> failure to take [] steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(iii).  Under Title III, "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities."  28 C.F.R. § 36.303(c)(1).

Plaintiff's final theory of liability under the ADA is that "the lack of sufficient auxiliary aids regarding Defendant's gift cards amounted to a denial of the full and equal enjoyment of services Defendant otherwise provides to the public."  (Doc. 20, at 21.)  This argument also fails.

14

Neither the statute nor implementing regulations specify what auxiliary aid or service is required, but they make clear that Braille is not necessarily always required. *See* 28 C.F.R. § 36.303(c)(1)(ii) ("The type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place. . . . [T]he ultimate decision as to what measures to take rests with the public accommodation, provided that the method chosen results in effective communication."); *see also* 28 C.F.R., pt. 36, App'x C ("The auxiliary aid requirement is a flexible one. A public accommodation can choose among various alternatives as long as the result is effective communication.").

  Crucially, then, to survive a motion to dismiss, Plaintiff must plausibly plead that Defendant lacks any sufficient auxiliary aids to ensure full and equal enjoyment of the gift cards, and not just Braille gift cards. Plaintiff has failed to do so. Plaintiff alleges that he called Defendant's customer service office and "inquired if Defendant sold store gift cards containing Braille." (Am. Compl. ¶ 16.) Plaintiff alleges that Defendant's employee said Defendant does not sell gift cards in Braille, and that "Defendant's employee did not offer any alternative auxiliary aids or services to the Plaintiff with respect to Defendant's gift cards." (*Id.* ¶¶ 16–17.) Plaintiff then alleges "[u]pon information and belief, Defendant does not offer auxiliary aids with respect to the gift cards." (*Id.* ¶ 20.) The only "fact" that Plaintiff offers in support of his claim that Defendant lacks sufficient auxiliary aids other than Braille, then, is that the employee he spoke to did not, on their own and absent a direct question, independently offer that Defendant provides any alternative auxiliary aids. Plaintiff does not allege that he directly asked whether Defendant offers alternative auxiliary aids other than Braille gift cards, that any of Defendant's

15

employees told him that Defendant does not provide alternative auxiliary aids, or provide any source of knowledge for his "information and belief" that Defendant lacks these alternative auxiliary aids.

Plaintiff's conclusory allegations thus fall well short of meeting his burden at the motion-to-dismiss stage.

### C. *State and Local Claims*

Ordinarily, pursuant to 28 U.S.C. 1337(c), when "a plaintiff's federal claims are dismissed before trial, 'the state claims should be dismissed as well.'" *Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir. 2010) (quoting *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008)). Having dismissed Plaintiff's ADA claim, I decline to exercise supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims. Accordingly, Plaintiff's remaining claims are dismissed.

### D. *Leave to Amend*

"In all other cases [than amendments as a matter of course], a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff requests that if I grant Defendant's motion to dismiss, that I should also grant Plaintiff leave to amend to file a Second Amended Complaint. (Doc. 20, at 24.) "When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first." *NCUA Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257 (2d Cir. 2018) (internal quotation marks omitted). As noted *supra*, Defendant raised essentially identical arguments in its original motion to dismiss, *see* (Doc. 11), as it did in its motion to dismiss the First Amended Complaint, *see* (Doc. 19). After

Defendant filed its initial motion to dismiss, I warned Plaintiff that it was "unlikely that Plaintiff will have a further opportunity to amend" his complaint.  (Doc. 12.)  Thus, Plaintiff was on notice not just of Defendant's precise arguments here, but also that he would likely be unable to further amend.[3]  Additionally, Plaintiff does not specify how, if at all, he plans to remedy the serious substantive problems underlying his claims in this lawsuit.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2020) ("Cuoco, speaking through counsel on appeal, has suggested no new material she wishes to plead.  The problem with Cuoco's causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile.  Such a futile request to replead should be denied.").  Finally, in several of the other, near-identical suits brought by Plaintiff's counsel, plaintiffs did not file a second amended complaint even after judges in this District granted those plaintiffs' motions for leave to amend.  *See, e.g.*, *Mendez v. Bath & Body Works, LLC*, No. 19-CV-9856 (JPO), 2020 U.S. Dist. LEXIS 186124, at *1 (S.D.N.Y. Oct. 7, 2020); *Taco Bell Corp.*, 19 Civ. 10172, Docs. 50–51*; Banana Republic, LLC*, No. 19-cv-10171, Docs. 28, 31.

For these reasons, I join other judges in this District in denying Plaintiff's motion for leave to file a second amended complaint.  *See Lopez v. Capital Grille Holdings, Inc.*, No. 1:19-cv-09891 (MKV), 2020 WL 4735121, at *4 (S.D.N.Y. Aug. 14, 2020); *Lopez v. Stop & Shop Supermarket Co. LLC*, No. 19-CV-9913 (JMF), 2020 WL 4194897, at *2 (S.D.N.Y. July 21, 2020); *Mendez v. Papa John's USA Inc.*, No. 19-CV-9892 (JMF), 2020 WL 4194916, at *2 (July 21, 2020); *Dominguez v. Grand Lux Café LLC*, No. 19-cv-10345 (MKV), 2020 WL 3440788, at *4 (S.D.N.Y. June 22, 2020).

---

[3] Plaintiff's counsel was also well aware of Defendant's arguments given that defendants in the other, near-identical cases brought by Plaintiff's counsel raised substantially similar standing and merits arguments in their respective motions to dismiss.

V.  **Conclusion**

Accordingly, Defendant's motion to dismiss is GRANTED WITH PREJUDICE.

The Clerk is directed to terminate the open motion at Document 18 and close this case.

SO ORDERED.

Dated: March 8, 2021
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge